FILED

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

98 OCT 15 PM 5:41

U.S. DISTRICT COURT
N.D. OF ALABAMA

BENJAMIN FELTMAN,           ]
                            ]
    Plaintiff,          ]
                            ]
vs.                         ]     CV 98-N-0807-S
                            ]
JEFFERSON COUNTY, et al.,   ]
                            ]
    Defendants.         ]

ENTERED
OCT 15 1998

### Memorandum of Opinion

    This action was brought pursuant to 42 U.S.C. § 1983 as well as various state tort laws for redress of injuries allegedly caused by the defendants while the plaintiff, Benjamin Feltman, was being held at the Jefferson County Jail in Bessemer, Alabama. Specifically, Feltman alleges that after being arrested for public intoxication on February 24, 1996, and being confined to an isolation cell at the jail, he was denied the medication he was currently taking for diagnosed schizophrenia. When the lack of medical attention made the plaintiff panic and act irrationally, he was allegedly assaulted and injured by three officers or jailors. The case was originally filed in the Circuit Court of Jefferson County, Alabama, on February 24, 1998, and was timely removed to federal court by the defendants. This court has jurisdiction over the controversy pursuant to 28 U.S.C. § 1331.

    The matter is before the court on motions for summary judgment by each defendant. Defendant Jefferson County filed a motion for summary judgment on March 18, 1998, before the case was removed to federal court. Defendant City of Bessemer filed its motion on August 27, 1998. A briefing schedule on Jefferson County's Motion was issued by the court

16

on August 17, 1998. The submission of briefs on Bessemer's motion was controlled by Exhibit D to the Court's Initial Order Governing Proceedings in this Action, entered on April 9, 1998. Plaintiff has failed to respond to either motion. The motions are nonetheless under submission and, for the reasons stated below, are due to be granted.

### I.  Statement of Facts.[1]

The facts, read in a light most favorable to the plaintiff, are as follows: On February 24, 1996, officers of the Jefferson County Sheriff's Department arrested plaintiff Benjamin Feltman for public intoxication within the limits of the City of Bessemer (hereinafter "Bessemer") and took him to Jefferson County Jail in Bessemer (hereinafter "the jail"). Feltman, who is required to take medication for his diagnosed schizophrenia, informed the arresting officers and/or jailors of his condition and requested medication and treatment. Instead, he was forced to strip, placed in an isolation cell in his underwear, and denied medical treatment for his condition.

Due to his schizophrenia, plaintiff began to panic once confined to the isolation cell. He began to scream for help and "act rationally," at which time he was assaulted by three officers or jailors. Consequently, Feltman suffered various injuries.

### II.  Summary Judgment Standard.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

---

[1] In developing the statement of facts in this opinion, the court relied predominately on the complaint filed in the Circuit Court of Jefferson County on February 24, 1998. These are the "facts" for summary judgment purposes only. They may not be the actual facts. *Cox v. Administrator U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994), *cert. denied*, *USX Corp. v. Cox*, 114 S. Ct. 900 (1995).

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The movants can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. *Celotex*, 477 U.S. at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of

an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52; *see also Bill Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 745 n.11(1983). However, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249 (citations omitted); *accord Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility

4

determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movants is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255. The non-movant need not be given the benefit of every inference but only of every reasonable inference. *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## III. Discussion.

In this lawsuit, plaintiff names as defendants Bessemer and Jefferson County, and asserts state law claims of assault and battery, negligent hiring, and negligent failure to train as well as a federal claim pursuant to 42 U.S.C. §1983 for deprivation of his constitutional rights. Various fictitious parties were named in plaintiff's complaint filed in state court; there being no fictitious party practice in the courts of the United States, however, these parties were dismissed pursuant to the court's order of April 9, 1998.

In its motion for summary judgment, Bessemer asserts two bases upon which it is entitled to summary judgment. First, the city alleges that the plaintiff failed to provide notice to the city within six months of the torts alleged as required by §§ 11-47-23 and 11-47-192 of the Alabama Code. Second, Bessemer claims that it has been improperly named as a party to this action.

The evidence shows that Bessemer was in no way involved in the alleged February 24, 1996, incident. The officers who arrested Feltman were not employed by the Bessemer Police Department or the City of Bessemer, and the jail Feltman was taken to after his arrest was the Jefferson County Jail, not the City of Bessemer Jail. *Affidavit of O.R. Adams (Bessemer Chief of Police)* at ¶ 4.a-c. The arrest report prepared on February 24, 1996, lists

5

the "Jefferson County S/O" in the section entitled "Agency Name." *Movant's Evidence Submitted in Response to Exhibit D of the Court's Order,* Exhibit 2. The plaintiff has offered no evidence to the contrary. Bessemer is therefore not an appropriate party to the lawsuit and is entitled to summary judgment as to all claims against it.

Jefferson County is also an inappropriate party to this controversy. Under Alabama law, county jails are operated by the sheriffs, not by the counties themselves. *See inter alia* Ala. Code §§ 14-6-1, 14-6-4, 11-14-21, 14-6-40 (1985). The only duties conferred upon county commissions with regard to jails relate to construction, physical maintenance, and funding of the jails. *See* Ala. Code §§ 11-14-10, 11-14-13 (1989). The Eleventh Circuit has found that Alabama sheriffs act as state officers when supervising inmates and otherwise operating county jails. *Turquitt v. Jefferson County*, 137 F.3d 1285 (11th Cir. 1998). For this reason, the circuit found that Jefferson County could not be liable in a § 1983 case for injuries caused by alleged improper operation of the county jail. *Id.* at 1291-92.

The plaintiff's claim is related to the operation of the county jail. He does not allege that Jefferson County failed to appropriate sufficient funds or failed to provide certain necessities, as required by §§ 11-12-15(a)(1) and 11-14-20 of the Alabama Code. Instead, the § 1983 claim against Jefferson County falls squarely within the rule set forth in *Turquitt v. Jefferson County,* and is due to be dismissed. By the same reasoning, plaintiff's state law claims against Jefferson County are due to be dismissed because the county did not have any duty with regard to the operation of the county jail. *See, e.g., Stark v. Madison County*, 678 So. 2d 787 (Ala. Civ. App. 1996) (duties of county as they relate to the county jail are limited to funding the operation of the jail and to providing facilities to house the jail).

6

## IV.     Conclusion.

For the foregoing reasons, the motions for summary judgment filed by the City of Bessemer and Jefferson County will be granted and the claims against them will be dismissed with prejudice.

Done, this __14th__ of October, 1998.

_____
EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE